## WAGNER, RESPONDENT, *v.* DONALD, APPELLANT.

### (No. 5,131.)

(Submitted April 7, 1923. Decided April 25, 1923.)

[214 Pac. 1099.]

*Promissory Notes — Holder in Due Course — Principal and Agent—Trial—Directed Verdict—When Error.*

Trial—Motion for Directed Verdict—In Effect Demurrer to Sufficiency of Evidence.
1. A motion for a directed verdict is in effect a demurrer to the evidence and raises the question of its legal sufficiency to establish the facts upon which the judgment is based.

Same—Withdrawal of Cause from Jury—When Improper.
2. No cause should ever be withdrawn from the jury unless the conclusion necessarily follows, as a matter of law, that recovery cannot be had upon any view which could reasonably be drawn from the facts which the evidence tends to establish.

Same—Directed Verdict—What Deemed Proved.
3. As on motion for nonsuit, so on motion for a directed verdict, every fact will be deemed proved which the evidence tends to prove.

Promissory Notes — Indorsement by Agent to Principal — Effect — Defenses Available.
4. Where, in an action on a promissory note the defense was that plaintiff was not a holder in due course, and there was evidence from which the jury might have concluded that the payee was acting as the agent of plaintiff indorsee in the transactions leading to the giving of the note by defendant, in which event the note would have been plaintiff's note from the beginning and subject to any defense which could have been interposed had the action been instituted by the payee, direction of a verdict for plaintiff was error, under the above rules.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

ACTION by Peter Wagner against George Donald and another. Judgment for plaintiff and named defendant appeals. Reversed and remanded, with directions to grant a new trial.

*Mr. James L. Davis,* of the Bar of Santa Ana, California, and *Messrs. Johnston, Coleman & Johnston,* for Appellant, submitted a brief; *Mr. Wm. M. Johnston* argued the cause orally.

Where an agent sells the property of his principal, takes promissory notes in payment therefor, and indorses the notes

[67 Mont. 114.]

to his principal, the principal is not a holder of the notes in due course and for value. (1 Randolph on Commercial Paper, sec. 447; 2 *Id.,* sec. 986; 3 R. C. L., sec. 289; *Hardey* v. *First Nat. Bank,* 56 Kan. 493, 43 Pac. 1125; *First Nat. Bank* v. *Shaw,* 157 Mich. 192, 133 Am. St. Rep. 342, 121 N. W. 809; *Merrill* v. *Packer,* 80 Iowa, 542, 45 N. W. 1076; *Buckeye Saw Mfg. Co.* v. *Rutherford,* 65 W. Va. 395, 64 S. E. 444; *Caraker* v. *Hicks,* 9 Ga. App. 493, 71 S. E. 765; *Roberts* v. *Tavenner,* 48 W. Va. 632, 37 S. E. 576; *New Mexico Ensor Co.* v. *Hobson,* 42 Idaho, 689, 43 Pac. 573; *New England Mortgage Security Co.* v. *Gay,* 33 Fed. 636; *New Birdsall Co.* v. *Stordalen,* 21 S. D. 26, 109 N. W. 516.)

*Messrs. Shea & Wiggenhorn* and *Messrs. Freeman, Thelen & Frary,* for Respondent, submitted a brief; *Mr. G. S. Frary* argued the cause orally.

There must be more than a scintilla of evidence to allow a case to go to the jury, but here, so far as the question of agency is concerned, there is not even a scintilla of evidence to sustain such a contention, because the appellant has contradicted himself on this most vital point and the character of his own testimony and that of his witnesses is of such a flimsy character that it could not possibly come under the heading "scintilla of evidence." The court would have been forced to set aside a verdict found in favor of the appellant. To the same effect are the following cases: *Escallier* v. *Great Northern R. R. Co.,* 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458; *Cain* v. *Gold Mountain Mining Co.,* 27 Mont. 529, 71 Pac. 1004; *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869.

The testimony of the respondent clearly shows that he sold his horses outright to Davis, and that the respondent gave credit to Davis for the notes turned in by him, on the account that was owed by Davis to the respondent. Respondent took the notes in good faith and before maturity. The evidence introduced by the appellant, being of the character it was, there was only one course for the lower court to pursue, namely, to direct

a verdict in favor of the respondent, as the only question pre-
sented was one of law, and that being, Is a *bona fide* purchaser
of a negotiable instrument in good faith entitled to recover on
the same? The courts are uniform in allowing a recovery
in such instance and it is such a well-recognized principle of
law that there is hardly any necessity for citing authorities
for the proposition. However, the following are a few of the
cases that sustain this ruling: *Merchants' Nat. Bank* v. *Smith,*
59 Mont. 280, 15 A. L. R. 430, 196 Pac. 523; *Harrington* v.
*Butte & Boston Min. Co.,* 33 Mont. 330, 114 Am. St. Rep. 821,
83 Pac. 467; *American Exchange Nat. Bank* v. *Ulm,* 21 Mont.
440, 54 Pac. 563.

MR. COMMISSIONER BENNETT prepared the opinion for
the court.

Plaintiff, Peter Wagner, brought this action against defend-
ant Geo. Donald and another on three promissory notes given
by defendant Donald to his codefendant, S. D. Davis, and by
Davis indorsed to plaintiff. Davis was not served with process
and did not appear at the trial.

Defendant by way of defense relied upon a failure of consid-
eration, contending that plaintiff was not a holder in due
course. In support of this contention he introduced evidence
that plaintiff and Davis brought to Columbus, Montana, a ship-
ment of thoroughbred stallions, offering them for sale; that he
(Donald) had had a grade stallion which had been in service
in his community so long that his usefulness there was very
slight; and that he went to plaintiff and Davis and talked with
them concerning a trade for a certain stallion then in plain-
tiff's possession. Details were discussed, but no arrangements
were then made. Defendant testified that plaintiff told him
that he would not be there later, but that Davis was his agent
and "anything that Davis will do will be all right." Some time
later a trade was made, Davis completing it by taking the grade
stallion and the notes sued on as the purchase price. At the
time of taking the notes, Davis executed a warranty of the stal-

lion.  According to defendant, at that time Davis stated he was acting as plaintiff's agent and would take the notes in his (Davis') name and indorse them to plaintiff.  The notes were indorsed, plaintiff claiming that he was a purchaser thereof in good faith, for value, and before maturity, and was therefore a holder in due course; and that the notes were not subject to the defense of failure of consideration.  It was developed that the stallion did not live up to the warranty.  The case was tried by the court with a jury in attendance.  After the close of the testimony a motion for a directed verdict in favor of the plaintiff was granted and judgment on the verdict so ordered was entered.  The appeal is by the defendant from the judgment.

The only question raised by the appeal is whether or not the evidence was sufficient to submit the case to the jury on the question as to whether or not the codefendant, Davis, was plaintiff's agent.

A motion for a directed verdict is in effect a demurrer to the [1, 2]  evidence.  It raises the question of the legal sufficiency thereof to establish the facts upon which a verdict and judgment must be based.  (*McIntyre* v. *Northern Pac. R. Co.*, 56 Mont. 43, 180 Pac. 971.)

"The rule is well established 'that no cause should ever be withdrawn from the jury unless the conclusion from the facts necessarily follows, as a matter of law, that no recovery could be had upon any view which could reasonably be drawn from the facts which the evidence tends to establish.' "  (*Nord* v. *Boston & Mont. C. C. & S. Min. Co.*, 30 Mont. 48, 75 Pac. 681; *Conway* v. *Monidah Trust*, 52 Mont. 244, 157 Pac. 178.)

On a motion for nonsuit every fact will be deemed proved [3]  which the evidence tends to prove.  (*Stewart* v. *Stone & Webster Eng. Corp.*, 44 Mont. 160, 119 Pac. 568.)  There is no distinction in this respect between a motion for nonsuit and a motion for directed verdict.

There was testimony adduced from which the jury might [4]  have found that Davis was the agent of plaintiff in the

transaction. If he was, then the plaintiff was not a holder in
due course and the notes were held by him subject to any de-
fenses which could have been interposed, had the action been
instituted by Davis. In fact, under those circumstances, the
notes would have been plaintiff's at all times. We are of the
opinion that the testimony of the defendant tends to prove
that Davis was such agent and that that inference can be rea-
sonably drawn from the facts testified to by defendant and his
witnesses.

Plaintiff, however, contends that if a verdict had been re-
turned in defendant's favor, it would have been the duty of the
trial court to set the verdict aside and grant a new trial. He
relies upon the "scintilla" rule, announced in *Escallier* v. *Great
Northern R. Co.*, 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac.
458. While not couched in the same terms, this rule had been
theretofore and has been since announced by this court, one of
the most recent applications thereof being in the case of *Casey* v.
*Northern Pac. R. Co.*, 60 Mont. 56, 198 Pac. 141.

In an effort to bring the case within the doctrine of the last-
cited cases, plaintiff asserts that the only testimony on which
a verdict for defendant could be based was that of defendant
himself, and that it is so conflicting that it must be disregarded.
We do not so view it. It is true, for instance, that imme-
diately following a statement by defendant that he did not
know whether plaintiff overheard a portion of the conversation
between defendant and Davis, the defendant did make the
statement: "Mr. Wagner was right close there at that time and
he didn't have anything to say at that time. That is the only
time that I talked of trading my grade for the thoroughbred
until the trade was made." It may be that there is a possible
inference from this statement that the defendant intended to
say that Wagner was not present except at the time the last-
quoted statement was made, but we are not inclined to that
view. It is evident from his entire testimony that he did not
see plaintiff except on the one day and the one trip to the
stable where the stallions were being kept. It is certainly as

reasonable an inference that the last portion of the last-quoted testimony referred to the trip, and that from time to time the conversation was first with one and then with the other of the men in charge. It was for the jury to say whether the defendant or the plaintiff told the truth, since the plaintiff testified to a story diametrically opposed to that of defendant.

It cannot be said that the evidence tending to prove defendant's contention is an isolated statement of a witness which is necessarily in conflict with his other statements; or that a verdict would have been contrary to the great weight of evidence —the issue was made by plaintiff's own, opposed by defendant's and another's, testimony—or that the evidence which would have tended to sustain a verdict was impeached or rendered improbable by conceded facts, since the only conceded facts were that plaintiff and Davis had dealt together in some capacity in the sale of stallions; or that the evidence as to agency was against all reasonable inferences or probabilities of the case; or that a verdict, though supported by some evidence, would have been so utterly at variance with the real and unexplained facts that the court could have said that it was clearly wrong, for there were no such facts as would bring this rule into effect.

The rule which would have been applicable in this case, had a verdict been returned in favor of defendant, was recently reannounced in the case of *Rousselle* v. *Cramer,* 65 Mont. 537, 212 Pac. 294: ''Where the evidence is conflicting a new trial will not be granted, the jury being the triers of issues of fact.''

We are of the opinion that the trial court erred in directing a verdict for plaintiff, and we therefore recommend that the judgment be reversed, and the cause remanded to the district court with directions to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause is remanded to the district court with directions to grant a new trial.

*Reversed and remanded.*